# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BATHSHEBA N. HODGE
10242 PRINCE PLACE
UNIT 208
UPPER MARLBORO, MARYLAND 20774
TEL. 240-990-6888

      *Plaintiff,*

      -v-

Case: 1:24-cv-02247    JURY DEMAND
Assigned To : Unassigned
Assign. Date : 7/31/2024
Description: Pro se. Gen. Civ. (H–Deck)

L' Avant- Garde
2915 M Street, NW
Washington D.C. 20007

      *Defendant,*

Fady Saba ( Operator & Creative Director )
2915 M Street, NW
Washington D.C. 20007

      *Defendant,*

Ezekiel Entertainment, LLC, t/a Liberte/ Le Grand Restaurant
2915 M Street, NW
Washington D.C. 20007

      *Defendant,*

1

Samuel Holley ( Service Director )
2915 M Street, NW
Washington D.C. 20007

*Defendant.*

## COMPLAINT

Now comes the Plaintiff Bathsheba Novella Hodge, an African American that is representing herself attorney pro se.

## INTRODUCTION

On or about April 21, 2021, the Plaintiff Ms. Hodge stated working for the fine dining French restaurant called L" Avant- Garde. While working for the restaurant L' Avant the Plaintiff got pregnant. As time went on the restaurant L' Avant and its directors and operator started treated Ms. Hodge indifferent from the other employees. Although, the Plaintiff brought complaints to the owner of the Restaurant attention but the cruelty and hardship and indifferent treatment continued. Then eventually the owner ( Fady Saba) of the L' Avant- Garde terminated Ms. Hodge because of her pregnancy and race discrimination.

## PARTIES

1. The Plaintiff Bathsheba N. Hodge resides at: 10242 Prince Place, Unit 208, Upper Marlboro, Maryland 20774.

2

2. The Defendant L' Avant- Garde ( Restaurant) is located at: 2915 M Street, NW, Washington D.C. 20007.

3. The Defendant Fady Saba owner and Operator and Creative Director of the L' Avant- Garde is located at: 2915 M Street, NW, Washington D.C. 20007.

4. The Defendant Ezekiel Entertainment, LLc, t/a Liberte/ Le Grand Restaurant is located at: 2915 M Street, NW, Washington D.C. 20007.

5. The Defendant Samuel Holley ( Service Director of L' Avant- Garde) was or is located at: 2915 M. Street, NW, Washington D.C. 20007. The Defendants Saba and Holley are both white frenchmen.

## JURISDICTION and VENUE

6. Pursuant to 28 U.S.C. section 1331, ( Federal question (s)) 28 U.S.C. section 1391 and 28 U.S.C. section 1367 ( supplemental jurisdiction over state claims).

7. The acts complained of herein occurred principally in the District of Columbia.

8. At all times material to this action, Defendants conducted business in the District of Columbia.

9. This action has been filed within the applicable statutory time periods.

10. The EEOC 90 days deadline to file and was met and satisfied by the Plaintiff.

11. Jurisdiction and venue are proper.

## FACTS

12. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

13. Plaintiff began her employment with Defendant in January 2023 as a server.

14. In or around June 2023, Plaintiff informed Defendant's Service Director/ General Manager, Jorge Sacio, and other members of Defendant's management team that she was pregnant.

15. In July 2023, Defendant Samuel Holley joined Defendant as Defendant's new Service Director/ General Manager.

16. Due to her pregnancy and at the direction of her doctor, Plaintiff did not work any shifts during Holley's first few days on the job.

17. Plaintiff returned to work on or about July 11, 2023, During her shift, Plaintiff took frequent bathroom breaks on account of her pregnancy. At the end of her shift that day, Robert Rooney, a manager, told Plaintiff that Holley wanted to terminate her because she used the restroom repeatedly during her shift.

18. (Although Samuel Holley knew the Plaintiff was pregnant).

19. Throughout the remainder of her employment, Plaintiff continued to use the restroom frequently as necessitated by her pregnancy.

20. As time went on, Plaintiff was subject to disparate treatment as compared to her coworkers by Holley. For example, Holley spoke to Plaintiff with harsh tones although he spoke to other staff pleasantly, followed Plaintiff around during her shifts, and reprimanded her for purported practices and/ or procedures for which she was not previously made aware. Holley also chastised Plaintiff for things she did not do, and did not similarly chastise other staff who took accountability for those things.

4

21. Holley also gave Plaintiff assignments during her shifts that was not commensurate with her experience as a senior server in contrast to Defendant's protocol,opting instead to give senior assignments to junior servers who lacked Plaintiff's knowledge and experience.

22. Holley also overloaded Plaintiff with tables as compared to other servers, forcing Plaintiff to work tables by herself while training junior servers who were only permitted to serve water and clear plates.

23. On or about July 22, 2023, Plaintiff sent an email to Defendant's owner, Fady Saba, complaining that she was being treated differently on account of her pregnancy.

24. A few days later, on or about July 24, 2023, Defendant Saba and Holley retaliated against Plaintiff by cutting her shifts.

25. That same day, Saba sent an email to Plaintiff, stating that she should " avoid using heavy terms such as harassment or singled out or bad treatment." **SEE Exhibit A ( Defendant Saba Email to Plaintiff)**

26. Saba also stated the solution to the issues Plaintiff was facing was to let him know when she was " fully in shape."

27. The next day, on or about July 28, 2023,  Defendant Saba told  Plaintiff that when she is " 100% well again, " she could come back and join the team.

28. Defendant Saba intentionally and maliciously discriminated against Plaintiff on account of her pregnancy.

5

29. And Ezekiel Entertainment LLC, t/a Liberte/ Le Grand Restaurant, L'Avant-Garde, and Samuel Holley also intentionally, and maliciously discriminated against the Plaintiff Bathsheba Hodge on account of her pregnancy.

30. Defendant Saba retaliated against Plaintiff because she complained about the treatment she endured on account of her pregnancy.

31. Defendants Fada Saba and L' Avant- Garde, ultimately terminated Plaintiff on account of her pregnancy.

32. As a result, Plaintiff has suffered and continues to suffer economic and noneconomic damages.

33. Plaintiff backpay has now accumulated to over ( $100,000.00) One-hundred thousand dollars had she not been terminated from L'Avant-Garde.

## CAUSES OF ACTIONS

## COUNT I

## DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF THE HUMAN RIGHTS ACT. D.C. CODE SECTION 2-1401.1 et seq.

34. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

35. The DCHRA prohibits discrimination on the basis of gender with respect to an employee's compensation, terms, conditions, and privileges of employment. D.C. Code section 2-1402.11(a)(1). This includes discrimination on the basis of a woman's pregnancy.

6

36. The above facts state claims against the Defendants for gender discrimination in violation of DCHRA, D.C. Code section 2-1401.1 *et seq.*

37. As a result of Defendant's wanton and malicious and wrongful conduct, Plaintiff suffered damages and should be made to also pay punitive damages.

## COUNT II

## DISCRIMINATION ON THE BASIS OF PREGNANCY IN VIOLATION OF THE DISTRICT OF COLUMBIA PROTECTING PREGNANT WORKERS FAIRNESS ACT, D.C. CODE SECTION 32-1231.01 *et seq.*

38. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

39. The DCPWFA requires employees to provide reasonable workplace accommodation for employees whose ability to perform job duties is limited because of pregnancy and prohibits denial of employment opportunities to an employee because of the need for accommodation. D.C. Code section 32-1231.03.

40. The above facts state claims against the Defendants for violations of the DCPWFA. D.C. Code section 32-1231.01, *et seq.*

41. As a result of Defendant's wanton and malicious and wrongful conduct, Plaintiff suffered damages and should be made to also pay punitive damages to be proven at trial.

## COUNT III

## RETALIATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHT ACT, D.C. CODE section 2-1401.1 *et seq.*

7

42. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

43. The DCHRA prohibits an employer from retaliating against an employee for engaging in a protected activity.

44. The above facts state claims against the Defendants for retaliation of the DCHRA, D.C. Code section 2-1401.1 *et seq.*

45. As a result of Defendant's wanton and malicious and wrongful conduct, Plaintiff suffered damages and should be made to also pay punitive damages to be proven at trial.

## COUNT IV

## THE PREGNANCY DISCRIMINATION ACT OF 1978 VIOLATION- TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.CODE SECTION 2000e *et seq.*

46. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

47. The Pregnancy Discrimination Act of 1978 prohibits an employer from discriminating against an employee on the basis of pregnancy… or related medical conditions.

48. The above facts state claims against the Defendants for violating The Pregnancy Discrimination Act of 1978- Title VII of the Civil Rights Act of 1964, 42 U.S. CODE section 2000e *et seq.*

8

49. As a result of Defendant's wanton and malicious and wrongful conduct, Plaintiff suffered damages and should be made to also pay punitive damages to be proven at trial.

## COUNT V

## SEX DISCRIMINATION VIOLATION- TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

50. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

51. Sex Discrimination of Title VII of the Civil Rights Act of 1964 prohibits an employer from treating an employee differently, or less favorably ( including pregnancy) sex.

52. The above facts state claims against the Defendants for violating Sex Discrimination Law under Title VII of the Civil Rights Act of 1964.

53. As a result of Defendant's wanton and malicious and wrongful conduct, Plaintiff suffered damages and should be made to also pay punitive damages to be proven at trial.

## COUNT VI

## HARASSMENT VIOLATION- TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

54. Plaintiff incorporates the foregoing paragraphs as If set forth in their entirety herein.

9

55. Harassment of Title VII of the Civil Rights Act of 1964 prohibits an employer from treating an employee differently, or less favorable with harassment because of pregnancy.

56. The above facts state claims against the Defendants for Harassment violations under Title VII of the Civil Rights Act of 1964.

57. As a result of Defendant's wanton and malicious and wrongful conduct, Plaintiff suffered damages and should be made to also pay punitive damages to be proven at trial.

## COUNT VII

## D.C. Mun. Regs Rule 4-211- EMBARRASSMENT, HUMILIATION AND INDIGNITY-VIOLATIONS

58. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

59. Embarrassment, humiliation and indignity under D.C. Mun. Regs Rule 4-211- prohibits an employer from treating an  employee differently, or less favorable with embarrassment, humiliation, and indignity because of the employee pregnancy

60. The above facts state claims against the Defendants for Embarrassment, Humiliation and indignity violates Mun. Regs Rule 4-211

10

61. As a result of Defendant's wanton and malicious and wrongful conduct, Plaintiff suffered damages and should be made to also pay punitive damages to be proven at trial.

WHEREFORE, Plaintiff prays for relief as follows:

A. Damages for lost wages ( over $100,000.00), including back pay, front pay, and lost benefits;

B. Damages for emotional distress;

C. Punitive Damages ( $5,000,000.00) Five Million Dollars from each Defendant.

D. Prejudgment interest in an amount to be determined at trial;

E.  Compensation for any tax penalty associated with a recovery;

F. Whatever further and additional relief the Court shall deem just and equitable.


## DEMAND FOR JURY TRIAL


Respectfully submitted,

July 31, 2024

Bathsheba N. Hodge- ( Pro Se)                    July 31, 2024

10242 Prince Place
Unit 208
Upper Marlboro, Maryland 20774
Tel.

11